a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHAD LIGHTFOOT #20367-035,<br>Plaintiff | CIVIL DOCKET NO. 1:24-CV-00733<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| WARDEN F C I POLLOCK,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Chad Lightfoot ("Lightfoot"). Lightfoot is imprisoned at the Federal Correctional Institution in Pollock, Louisiana. He challenges the computation of his sentence by the Bureau of Prisons ("BOP").

Because the Court lacks jurisdiction over one claim and the remaining claims are meritless, the Petition should be DENIED and DISMISSED.

I.  Background

Lightfoot was convicted of monetary instrument abuse, forgery, bank fraud, and fraudulent acquisition of a credit card in the Orleans Parish Criminal District Court. *State v. Lightfoot*, 2018-0336, p. 2 (La.App. 4 Cir. 12/12/18); 318 So.3d 1033, 1037, *writ denied*, 2019-0055 (La. 5/28/19); 273 So.3d 313. He was sentenced to a term of imprisonment of five years on October 4, 2017. ECF No. 1 at 10.

On November 7, 2017, Lightfoot was temporarily transferred from state to federal custody pursuant to a writ of habeas corpus ad prosequendum to face

1

unrelated federal charges. ECF No. 1 at 10. Lightfoot was convicted of fraud and sentenced to 71 months of imprisonment. *United States v. Lightfoot*, 809 F. App'x 246 (5th Cir. 2020). The sentence did not address whether it should run concurrently or consecutively to any other sentence. ECF No. 1 at 10. Lightfoot was returned to state authorities on August 12, 2019. *Id.*

While Lightfoot was in temporary federal custody, the state court found him guilty as a multiple offender and resentenced him to 7 years and 6 months of imprisonment. *Lightfoot*, 3:17-CR-00274, 2023 WL 4143206, at *1 (W.D. La. June 21, 2023). However, in 2023, the trial court granted Lightfoot's application for post-conviction relief in some capacity and resentenced him to four years of imprisonment. *Lightfoot*, 2023 WL 4143206, at *1; ECF No. 1 at 10. Lightfoot was released from state custody to the United States Marshals Service on June 6, 2023. *Id.*

## II. Law and Analysis

### A. The BOP has discretion in calculating sentencing credit.

The authority to grant or deny sentencing credit is specifically reserved to the United States Attorney General, who has delegated that responsibility to the BOP. *See U.S. v. Wilson*, 503 U.S. 329 (1992); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). A district court may review a challenge to the BOP's refusal to grant credit. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

The computation of a federal sentence is governed by 18 U.S.C. § 3585, which provides:

> (a)   Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received

>> in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>   (1) as a result of the offense for which the sentence was imposed; or
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. Under § 3585(b), therefore, a prisoner only receives credit for time served if it has not already been credited toward another sentence, "regardless of whether the sentence is federal, state or foreign." BOP Program Statement 5880.28, Sentence Computation Manual.

The time Lightfoot spent in the primary custody of the state—from November 18, 2016, through December 15, 2016, and from September 12, 2017, through August 16, 2021—was credited toward his state sentence. Therefore, it cannot also be credited toward the federal sentence under § 2585(b).

### B. Lightfoot's federal sentence runs consecutive to his state sentence.

Lightfoot asserts that the BOP erred in failing to issue a *nunc pro tunc* designation of the state facility as the location for service of his federal sentence. He alleges that the state judge ordered the four-year state sentence to run concurrently with the federal sentence. ECF No. 1 at 6.

Multiple terms of imprisonment imposed at different times are presumed to run consecutively unless the district court orders that they run concurrently. *Hunter*

3

*v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010); *Potoski v. Fox*, 583 F. App'x 396, 397 (5th Cir. 2014). The federal judgment did not state whether Lightfoot's sentence was to be served concurrently with any other sentence, so it is presumed to be consecutive. *See id.* Lightfoot argues that the state judge intended for the sentences to be concurrent. However, as the federal sentencing judge noted in a prior habeas ruling, "'the determination by federal authorities that [the defendant's] federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing.'" *Lightfoot*, 2023 WL 4143206, at *4 (quoting *Leal v. Tombone*, 341 F.3d 427, 429 (5th Cir. 2003); *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991)).

The Bureau considered, but denied, Lightfoot's request for *nunc pro tunc* designation. ECF No. 1 at 11. And the federal judge was clear in his prior ruling that the federal sentence runs consecutively to the state sentence. *Lightfoot*, 2023 WL 4143206, at *4.

C. The BOP correctly determined the commencement date.

Lightfoot alleges that his federal sentence commenced March 15, 2023, when the state judge ordered that he be transferred to federal custody, rather than June 6, 2023, when he was actually transferred.

A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. 18 U.S.C. § 3585(a). Lightfoot was received in federal custody on June 6,

4

2023. Therefore, by law, his sentenced commenced that date. However, Lightfoot received credit toward his federal sentence from March 15, 2023, even though he was still in state custody. ECF No. 1 at 11.

D. Lightfoot has received all the credit to which he is entitled.

Lightfoot alleges that the state improperly calculated his prison term by failing to award him good time credits. Thus, he argues that the BOP should give him federal credit for the allegedly misapplied state good time that he earned.

Under § 3585(b), Lightfoot may only receive credit for time served if it has not already been credited toward another sentence. The time for which Lightfoot seeks federal credit was already credited toward his state sentence, albeit one that Lightfoot believes was improperly calculated. Because the time was credited toward that sentence, the BOP is prohibited from also crediting it toward the federal sentence. Lightfoot presents no authority for the BOP to recalculate his state prison term or provide him with credit for good time earned in state custody. *See Gerard v. Fox*, 1:13-CV-333, 2016 WL 9525598, at *3 (E.D. Tex. 2016), *report and recommendation adopted*, 2017 WL 3605442 (E.D. Tex. 2017), *aff'd*, 735 F. App'x 175 (5th Cir. 2018).

E. Lightfoot's claim regarding the legality of his sentence is second and successive.

In his final claim, Lightfoot alleges that the Court miscalculated his criminal history category and offense level, resulting in an unlawful sentence. Lightfoot may not collaterally attack the legality of his sentence in a § 2241 Petition.

"Section 2255 provides the primary means of collaterally attacking a federal sentence and is the appropriate remedy for errors that occurred at or prior to the sentencing." *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (internal quotation marks and citations omitted). In contrast, § 2241 is the proper method for attacking the "manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack*, 218 F.3d at 451.

Lightfoot's challenge to the term of imprisonment imposed must be raised under § 2255. *Id.* Only in "extremely limited circumstances" may federal prisoners seek postconviction relief through a § 2241 petition instead of a § 2255 motion. *See Hammoud v. Ma'at*, 49 F.4th 874, 879 (5th Cir. 2022) (en banc) (quoting *Pack*, 218 F.3d at 452). Specifically, the savings clause of § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is deemed adequate unless the petitioner relies on: (1) newly discovered evidence; or (2) a new rule of constitutional law. *See Jones v. Hendrix*, 599 U.S. 465, 469 (2023) (citing § 2255(h)); *Mooney v. Garrido*, 4:22-CV-1108, 2023 WL 6464137, at *4 (N.D. Tex. Oct. 2, 2023). Lightfoot relies on neither.

Additionally, in *Jones*, the Supreme Court recognized that recourse under the savings clause is available only "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to

detention other than collateral attacks on a sentence." *See Jones*, 599 U.S. at 478[1]; *Arellano v. Withers*, 22-60525, 2023 WL 4311621, at *1 (5th Cir. July 3, 2023). Nothing in Lightfoot's briefing or exhibits indicates that such unusual circumstances are applicable here. Lightfoot previously filed a § 2255 motion and could have presented his claim at that time.

### III. Conclusion

Because Lightfoot has been afforded all the sentencing credit to which he is legally entitled, and the Court lacks jurisdiction over his sentencing claim, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction as to the sentencing claim and DENIED and DISMISSED WITH PREJUDICE as to all other claims.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

---

[1] In providing examples of unusual circumstances, the Supreme Court stated:
> The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously "inadequate or ineffective" for any purpose. *See, e.g., Witham v. United States*, 355 F.3d 501, 504–505 (6th Cir. 2004) (finding § 2255 inadequate or ineffective after court-martial was dissolved); *Edwards v. United States*, 1987 WL 7562, *1 (E.D.N.Y., Feb. 9, 1987) (finding § 2255 inadequate or ineffective after District Court of the Canal Zone was dissolved); *cf. Spaulding v. Taylor*, 336 F.2d 192, 193 (10th Cir. 1964) (finding § 2255 inadequate or ineffective after Alaska territorial court was dissolved and federal and state successor courts declined § 2255 and state-habeas jurisdiction, respectively). The saving clause might also apply when "it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Hayman*, 342 U.S., at 215, n. 23 (internal quotation marks omitted).

*Jones*, 599 U.S. at 474 (footnote omitted).

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, November 8, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE